UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM T. CLEMENS, III<br>*Plaintiff* | : CIVIL ACTION NO.<br>: 3:03-CV-179 (JBA) |
| v. | : |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF TRANSPORTATION<br>ET AL.,<br>*Defendants* | :<br>:<br>:<br>: November 21, 2003 |

FILED NOV 24  2 59 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

## MOTION TO COMPEL

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 37, the defendants respectfully request that this Court order the plaintiff to cooperate in discovery by responding to their Interrogatories and Requests for Production, dated November 26, 2002. In support of their motion, the Defendants represent as follows:

1.  The defendants sent Defendants' Interrogatories and Requests for Production to the plaintiff, William T. Clemens, on September 2, 2003. A copy of the certification for said Interrogatories is appended hereto as Attachment A.

2.  The plaintiff filed his responses to the above Interrogatories and Requests for Production on October 10, 2003 and included several non-responsive answers to Interrogatories # 15, 17, and 19 in violation of Rule 37(a)(3). A copy of said responses are appended hereto as Attachment B.

3.  The non-responsiveness of said answers based on their reference to the allegations of the First Amended Complaint was discussed at a status conference in the above entitled matter before Judge Arterton on October 28, 2003. Judge Arterton at said conference

directed plaintiff's counsel to provide responsive answers to the above-described interrogatories..

4. On November 11, 2003, the undersigned requested via facsimile plaintiff's revised responses. A copy of said facsimile is appended hereto as Attachment C.

5. Plaintiff filed his First Amended Responses to Defendants' Interrogatories on or about November 14, 2003. Said amended responses again included non-responsive answers by simply restating verbatim the allegations set forth in the First Amended Complaint. A copy of said amended responses is appended hereto as Attachment D.

6. Defendants' counsel deposed the plaintiff on November 19, 2003, but was forced to continue the deposition in as much as said answers were non-responsive. Accordingly, defendants counsel has been prejudiced in completing said deposition with the deadline for discovery approaching on January 2, 2003.

7. In support of this motion, the defendants file a certificate of good faith pursuant to Fed. Rule Civ. P. 37(a)(2)(B).

WHEREFORE, the defendants request that the plaintiff be ordered to immediately comply with the rules of discovery by providing responsive answers to the outstanding interrogatories and requests for production within five (5) days of the granting of this motion or immediately suffer the dismissal of this lawsuit with prejudice.

DEFENDANTS
STATE OF CONNECTICUT,
DEPARTMENT OF
TRANSPORTATION,
ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *Eleanor May Mullen*
Eleanor May Mullen
Assistant Attorney General
Federal Bar No. ct22430
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: (860) 808-5383
E-Mail Address:
eleanor.mullen@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Motion to Compel was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 21st day of November, 2003, first class mail, postage prepaid, to:

Craig T. Dickinson, Esq.
Madsen, Prestley & Prestley, LLC
44 Capitol Ave., Suite 201
Hartford, CT 06106

*Eleanor May Mullen*
Eleanor May Mullen
Assistant Attorney General

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM T. CLEMENS, III<br>*Plaintiff* | : | CIVIL ACTION NO.<br>3:03-CV-179 (JBA) |
| v. | : | |
| STATE OF CONNECTICUT<br>DEPARTMENT OF TRANSPORTATON<br>ET AL.<br>*Defendants* | : | November 21, 2003 |

**CERTIFICATE OF GOOD FAITH**

In accordance with the Provisions of Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure and Rule 37 of the Local Rules of Civil Procedure for the District of Connecticut, counsel hereby certifies that: counsel has conferred or attempted to confer with plaintiff's counsel in an effort to secure the information or material which is the subject of this motion as set forth in the attached motion and has failed.

DEFENDANTS
DEPARTMENT OF
TRANSPORTATION, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *Eleanor May Mullen*
Eleanor May Mullen
Assistant Attorney General
Federal Bar No. ct22430
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
eleanor.mullen@po.state.ct.us

## **CERTIFICATION**

I hereby certify that pursuant to Rule 5(b) of the Federal Rules of Civil Procedure a copy of the foregoing CERTIFICATE OF GOOD FAITH was mailed, first class postage prepaid, this 21st day of November, 2003 to:

>Craig T. Dickinson, Esq.
>Madsen, Prestley & Prestley, LLC
>44 Capitol Ave., Suite 201
>Hartford, CT 06106

*[signature]*
Eleanor May Mullen
Assistant Attorney General

2

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendant's Interrogatories and Requests for Production To The Plaintiff William F. Clemens, III, was mailed this 2nd day of September, 2003, U.S. mail, first class postage prepaid, to:

> Craig T. Dickinson, Esq.
> Madsen, Prestley & Parenteau, LLC
> 44 Capitol Ave., Suite 201
> Hartford, CT 06016

*Eleanor May Mullen*
Eleanor May Mullen
Assistant Attorney General

ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------X

WILLIAM F. CLEMENS, III,

               Plaintiff,

  -against-                       CIVIL ACTION NO. 03-CV-179 (JBA)

STATE OF CONNECTICUT,
Department of Transportation,
FREDERICK J. SANDERS,            October 10, 2003
(in his individual and official capacities),
STEPHEN E. COCHRAN,
(in his individual and official capacities),
and CHARLES DRDA,
(in his individual and official capacities),

               Defendants.

------------------------------------------------------X

### PLAINTIFF'S RESPONSES TO DEFENDANT'S
### INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff, William F. Clemens, III, responds to Defendant's Interrogatories and Requests for Production as follows:

1. Identify the person(s) answering these interrogatories. Include, full name, home address, work address, date of birth and social security number. See Instructions and Definitions, paragraph #7.

    **ANSWER:** William F. Clemens, III, 5 Prospect Hill Drive, East Windsor, CT 06088

    Date of Birth - 5/5/63, Social Security # 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.

2. Please state all positions held by the plaintiff with the State of Connecticut Department of Transportation (hereinafter "DOT") since 1984 as identified in Paragraph 8 of the First Amended Complaint. Please state the length of service in each job classification, name of immediate supervisor in each classification, and rate of pay for each job classification.



DEFENDANT'S EXHIBIT

ATTACHMENT B

**ANSWER:**

    D.O.T. Maintainer II 12/84 - 3/92   Starting pay $7.57

    D.O.T. Crew Leader 3/92 – 3/01   Ending pay $20.92

    General Supervisors Plaintiff reported to:

    Ken Millard, George Hitchener, Jim Culbert, Brian Cull, and Paul Rizzo

3. Paragraph 17 of the First Amended Complaint states that "During the course of these fact finding meetings, which Plaintiff reasonably understood to involve an investigation of Mr. Cull and/or the East Granby facility, the Plaintiff was asked questions and provided responses regarding his observations and understanding of the operations at defendant DOT's East Granby facility." Please state the facts upon which you base your allegation that plaintiff reasonably "understood" the fact-finding meetings to involve an investigation of Mr. Cull and/or the East Granby facility. Be specific with your response.

  **ANSWER:** The investigation was apparently commenced because of the discovery of state property being discovered at Brian Cull's private property. Plaintiff's understanding was that the investigation involved Brian Cull because Brian Cull had been removed from his position at the East Granby facility and because Plaintiff had neither involvement in, nor knowledge regarding the state property discovered at Brian Cull's private property.

4. Paragraph 18 of the First Amended Complaint states that "During those fact- finding meetings, the Plaintiff was also questioned about various items that had nothing to do with Mr. Cull, including his role in a tree-cutting job performed by DOT employees at 70 East Granby Rd., his awarding of "Q" time to various crew members, and the East Granby's facility procedure regarding "charging off excess materials." Please state with specificity the facts upon which you base your allegation that plaintiff was questioned about various items that had nothing to do with Mr. Cull.

  **ANSWER:** During the fact-finding meetings, issues were brought up far beyond Mr. Cull's wrongdoing. The fact-finding committee misrepresented everyday occurrences at D.O.T. garages in order to make them look corrupt. In response, Plaintiff asked the panel to speak with other crew leaders and general supervisors in district IV to verify that the instances at

issue were in fact appropriate, everyday occurrences. The panel chose not to act on Plaintiff's request, or they decided to punish only the East Granby personnel with one exception. Doug Harris, who was extensively involved in writing off materials at the East Granby facility suffered no adverse consequences; instead, he was promoted.

5.  Paragraph 19 of the First Amended Complaint states "At no time was Plaintiff ever provided notice of any charges contemplated with respect to his conduct, that Defendant DOT was considering any disciplinary action against him, or that he would have an opportunity to respond to any such charges. Indeed, at no time during any of the fact finding hearings was the Plaintiff informed either verbally or in writing that he was under investigation or facing disciplinary charges. Further, Plaintiff was never warned that his responses to questions could be used as grounds to discipline him." Please state with specificity the facts that from the basis of your allegations that:

(a). You were never provided notice of any charges contemplated with respect to your conduct;

(b). You were never provided notice that defendant DOT was considering disciplinary action against you;

(c). You were never provided notice that you would have an opportunity to respond;

(d). At no time during any of the fact finding hearings were you informed either verbally or in writing that you were under investigation or facing disciplinary charges;

(e). You were never warned that your responses to questions could be used as grounds to discipline you.

ANSWER: Plaintiff received no direct notification or warning that he may be facing disciplinary action. Plaintiff was only directed by Mr. Drda to tell the truth during the proceedings. As of this date, Plaintiff still has received neither formal disciplinary charges nor an explanation of the grounds for his termination. The only statement Plaintiff received was a letter read to him from Charles Drda on 3/16/01 that he was being terminated, which letter contained numerous inaccuracies and outright fabrications. Plaintiff was not allowed

to speak at his Step III hearings, and, to this date, has not been given an opportunity to respond to Defendants' accusations and/or fabrications.

6. Paragraph 20 of the First Amended complaint states that "To the contrary, Defendant Drda stated to Plaintiff on two separate occasions that he should tell the complete truth at the fact-finding meetings and that he 'should not lose any sleep over [the fact-finding meetings].'"

   (a) Please state with specificity the facts upon which you base you allege that Defendant Drda told you on two separate occasions that you should tell the complete truth and 'not to lose any sleep over the [fact-finding meetings].'

   (b) Please identify all witnesses to Mr. Drda's alleged representation to the plaintiff that he "should not lose any sleep" Please see Instructions and Definitions, ¶7.

**ANSWER:** Plaintiff engaged in two separate conversations with Mr. Drda during which the alleged comments were made. Mr. Sullivan was in a car with Mr. Drda during the first such conversation.

7. Paragraph 22 of the First Amended Complaint states that "During that meeting [on March 16, 2001], Defendant Drda read the Plaintiff a two-page letter signed by Defendant Sanders terminating Plaintiff's employment, effective March 30, 2001. That letter falsely accused Plaintiff of a litany of inappropriate and/or criminal conduct, including but not limited to misappropriation of state property and submission of fraudulent records. That letter was published to other State of Connecticut employees and placed in Plaintiff's permanent employee file." Please state with specificity the facts upon which you base your allegation that:

   (a). the letter falsely accused you of a litany of inappropriate and/or criminal conduct including but not limited to misappropriation of state property and submission of fraudulent records; and

   (b). the letter was published to other State of Connecticut employees and placed in Plaintiff's permanent employee file.

**ANSWER:** Plaintiff did not engage in inappropriate and/or criminal conduct. While Plaintiff did engage in some of the conduct referenced in the subject letter, Plaintiff engaged in that conduct pursuant to standard operating procedure and in accordance with state

policies and procedures and/or established past practice. To date, Plaintiff has not been given an opportunity to respond to the misrepresentations in the letter.

This document was released against without Plaintiff's consent to Ms. Stephanie Reitz who is a reporter with The Hartford Courant. The fact that Plaintiff was terminated from state employment for inappropriate and/or criminal conduct is common knowledge. It is normal practice to place termination documentation in employee's personnel files.

8.   Paragraph 28 of the First Amended Complaint states that "On or about October 15, 2001, Plaintiff received another certified letter from Defendant Sanders. In that letter, Defendant Sanders falsely accused the Plaintiff of attempting to intimidate and/or influence DOT employees' testimony. That letter again advised Plaintiff that he was prohibited from entering any of the Defendant DOT's work sites and that if Plaintiff did enter a work site, that the police would be called and the Defendant DOT would pursue criminal charges against him. That letter was published to other State of Connecticut employees and placed in Plaintiffs permanent employee file. Please state with specificity the facts upon which you base your allegation that:

   (a).   The letter falsely accused plaintiff of attempting to intimidate and/or influence DOT employees' testimony; and

   (b).   The letter was published to other State of Connecticut employees and placed in Plaintiff's permanent employee file. Please identify all State of Connecticut employees to whom the letter was published. See Instructions and Definitions, ¶7.

**ANSWER:** Plaintiff neither intimidated nor tried to influence anyone's testimony regarding this situation. Although, the letter does not identify any employee Plaintiff supposedly subjected to intimidation or influence, the substance of the letter infers that other employees were involved with its creation. It is normal practice to place termination related documentation in employee's personnel files.

9.   Paragraph 30 of the First Amended Complaint states that "Acting under color of law, Defendants provided Plaintiff neither adequate notice of charges against him, disciplinary sanctions being considered against him, nor a meaningful opportunity to be heard prior to his termination." Please state with specificity the facts upon which you base your allegation that

(a). Defendants deprived the plaintiff due process in violation of the 14th Amendment; and

(b). Defendants provided you neither adequate notice of charges against him, disciplinary sanctions being considered against him, nor a meaningful opportunity to be heard prior to his termination. Be specific with your response.

ANSWER: Plaintiff was denied due process because he never received adequate notice of the charges against him, he was never given adequate information regarding disciplinary sanctions being considered against him, and he has never been given an adequate opportunity to respond to the charges against him.

10. Paragraph 31 of the First Amended Complaint states that "The aforesaid actions of the defendants were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's rights." Please state with specificity the facts upon which you base your allegation that the actions of the defendants were malicious, intentional, willful, wanton, and/or in reckless disregard of your due process rights as to each and every defendant.

ANSWER: Plaintiff's right to due process is well settled. Nevertheless, the Defendants engaged in the manifestly deliberate course of action that is set forth in the First Amended Complaint.

11. Paragraph 35 of the First Amended Complaint, Second Count, states that, "The Plaintiff's activities in testifying during the fact-finding meetings were expressions of opinion on matters of public concern that are protected by the First Amendment. Moreover, his expressions of opinion regarding mismanagement, misconduct, abuse of power and waste touched upon matters of public concern." Please state with specificity the facts upon which you base your allegation that:

(a). your activities in testifying at the fact-finding meetings were expressions of opinion on matters of public concern; and

(b). your expressions of opinion regarding mismanagement, misconduct, abuse of power and waste touched upon matters of public concern.

**OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overbroad, vague and calls for legal conclusion.

12. Paragraph 36 of the First Amended Complaint, Second Count, states that, "Acting under color of law, Defendants retaliated against Plaintiff as a result of his protected speech in violation of the First Amendment of the United States Constitution, 42 U.S.C. §1983." Please identify with specificity each and every act of retaliation by each and every defendant as a result of your protected speech.

**ANSWER:** Defendants terminated Plaintiff, Defendants falsely accused Plaintiff of illegal conduct, Defendants disseminated those false accusations to the press, and *inter alia* Defendants withheld Plaintiff's compensation in violation of state law.

13. Paragraph 37 of the First Amended Complaint, Second Count, states that, "The aforesaid actions of the defendants were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiffs rights." Please state with specificity the facts upon which you base your allegation that the actions of the defendants were malicious, intentional, willful, wanton, and/or in reckless disregard of your first amendment rights as to each and every defendant.

**ANSWER:** Plaintiff's First Amendment right to be free from retaliation is well settled. Nevertheless, the Defendants engaged in the manifestly deliberate course of action that is set forth in the First Amended Complaint.

14. Paragraph 41 of the First Amended Complaint, Third Count, states that, "Acting under color of law, defendants singled Plaintiff out for unfair and illegal treatment, up to and including Plaintiff s termination, due to Plaintiff s exercise of protected constitutional rights." Please state with specificity the facts upon which you base your allegation that:

(a). defendants acted under color of law;

(b). defendants singled the plaintiff out for unfair and illegal treatment, up to and including termination, due to your exercise of protected constitutional rights.

**OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overbroad, vague and calls for legal conclusion.

**ANSWER**: Notwithstanding the foregoing objection and without waiving same, the Defendants were able to engage in the conduct referenced in the First Amended Complaint by virtue of their employment positions with the state. Defendants subjected Plaintiff to the treatment alleged in the First Amended Complaint while not subjecting at least one other employee, Doug Harris, who had engaged in demonstrably more egregious conduct to any similar disciplinary treatment.

15. Paragraph 43 of the First Amended Complaint, Third Count, states that, "The aforesaid actions of the defendants were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's rights." Please state with specificity the facts upon which you base your allegation that the defendants actions were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's equal protection rights as to each and every defendant.

**ANSWER**: Plaintiff's right to equal protection is well settled. Nevertheless, the Defendants engaged in the manifestly deliberate course of action that is set forth in the First Amended Complaint.

16. Paragraph 47 of the First Amended Complaint, Fourth Count, states that, "Acting under color of law, defendants disciplined and/or discharged Plaintiff as a result of his protected speech in violation of C.G. S. §31-51q. Please state with specificity the facts upon which you base your allegation that defendants disciplined and/or discharged in retaliation as a result of plaintiff's speech in violation of C.G. S. §31-51q.

**ANSWER**: Defendants actions were temporally proximate to Plaintiff's protected speech. Moreover, Defendants referenced Plaintiffs' protected conduct in connection with their retaliatory conduct.

17. Paragraph 48 of the First Amended Complaint, Fourth Count, states that, "The aforesaid actions of the defendants were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's rights." Please state with specificity the facts upon which you base your allegation that the defendants actions were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's first amendment rights as to each and every defendant.

**ANSWER**: Plaintiff's First Amendment right to be free from retaliation is well settled. Nevertheless, the Defendants engaged in the manifestly deliberate course of action that is set forth in the First Amended Complaint.

18. Paragraph 51 of the First Amended Complaint, Fifth Count, states that, "In connection with Plaintiffs termination, defendants Sanders, Cochran and Drda made false and disparaging remarks that damaged Plaintiff reputation. Please state with specificity the facts upon which you base your allegation that the defendants Sanders, Cochran, and Drda made false and disparaging remarks that damaged Plaintiff reputation.

**ANSWER**: Frederick Sanders signed the termination letter which falsely states that Plaintiff charged off and never installed polyethylene pipe on "several" occasions. Mr. Sanders also falsely accused Plaintiff in this letter of authorizing unacceptable and substandard work. Mr. Sanders also falsely accused Plaintiff of preparing fraudulent time sheets. Mr. Sanders also falsely accused Plaintiff of intimidating employees or trying to influence their testimony.

Stephen Cochran sent Plaintiff three letters falsely accusing Plaintiff of misappropriation of funds through the authorization of improper work.

Charles Drda was fully aware of procedures and activities throughout his District. Although Plaintiff acted properly in conformity with common practice and established procedure, Mr. Drda falsely accused Plaintiff engaging in inappropriate and/or illegal conduct.

19. Paragraph 52 of the First Amended Complaint, Fifth Count, states that "The aforesaid actions of defendants Sanders, Cochran and Drda were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's rights. Please state the facts upon which you base your allegation that the defendants' actions were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's liberty interests. Be specific with your response.

**ANSWER**: Plaintiff's Fourteenth Amendment liberty interest in his reputation is well settled. Nevertheless, the Defendants engaged in the manifestly deliberate course of action that is set forth in the First Amended Complaint.

20. State whether you or any individual named in response to any of these Interrogatories to your knowledge, or to the knowledge of your attorney, has given any statement regarding the subject matter of this case or concerning the actions of any party or witness thereto (except privileged statements made by a party in confidence to his or her attorney and identify each person having custody or a copy or copies of such statements.) See Instructions and Definitions, paragraph 10.

**OBJECTION**: Plaintiff objects to this interrogatory on the grounds that it is overbroad, vague and may call for the production of material that is subject to the attorney-client privilege and/or the attorney work product privilege.

**ANSWER**: Notwithstanding the foregoing objection and without waiving same, the only responsive statements Plaintiff is aware of are the testimony and documents gathered during the investigation of Mr. Cull.

21. Identify each person whom you expect to call as an expert witness at trial concerning the incident(s) alleged in your Complaint, and for each such expert witness provide the subject matter upon which he/she is expected to testify. See Instructions and Definitions, paragraph #7.

**ANSWER**: None at this time. Plaintiff will identify experts, if any, in accordance with the scheduling order, the Federal Rules of Civil Procedure and local rules governing this matter.

22. At any time between 1998 and the present date, did plaintiff tape record or record by any electronic means, any conversation with any person employed by the State of Connecticut and/or the Department of Transportation, the contents of which might pertain in any way to the allegations contained in this complaint?

**ANSWER**: No.

23. State whether you, your attorney, or any other representative has any photographs, drawings, charts, diagrams, maps, models or other tangible evidence prepared by parties, witnesses or experts expected to testify in this case concerning any of the events alleged in your First Amended

Complaint. If so, identify any persons who have custody or control of any of the materials referred to above, specifically describing which of the materials each such person possesses.

**OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overbroad, vague and may call for the production of material that is subject to the attorney-client privilege and/or the attorney work product privilege.

**ANSWER:** Notwithstanding the foregoing objection and without waiving same, Plaintiff has photographs of the disputed work area at 70 East Granby Road, as well as other work sites, which clearly illustrate that Plaintiff did not engage in inappropriate or illegal conduct.

24. If you have received medical (including psychiatric) treatment (physical, mental or otherwise) for the injuries alleged in your First Amended Complaint from any hospital, clinic, physician, psychologist, nurse, social worker or other health care provider, please identify each such hospital, clinic, physician, psychologist, nurse, social worker or other medical practitioner from whom you received such examination or treatment, and state the date(s) upon which such medical treatment(s) was received and state whether the physician and/or health care provider rendered an opinion respecting the nature and extent of the injuries, conditions and/or disabilities claimed by you. See Instructions and Definitions, paragraph # 15.

**ANSWER:** Plaintiff saw David Howlett, M.D., 13 Church Road, P.O. Box 513, East Granby, CT 06026, shortly after his termination due to stress, anxiety, loss of appetite, sleep disruption, and *inter alia* high blood pressure.

26. If you claim that the incident alleged in your First Amended Complaint aggravated or otherwise adversely affected any pre-existing physical, mental or emotional condition, disease, disability or defect, describe said condition, disease, disability or defect, and state when it was first incurred or diagnosed.

**ANSWER:** Plaintiff has suffered from high blood pressure since the age of twenty-one. The conduct alleged in Plaintiff's First Amended Complaint aggravated that condition.

27. If you have received medical treatment (physical, psychiatric or psychological) during the past ten (10) years, from any hospital, clinic, physician, nurse or other medical practitioner, please identify each such hospital, clinic, physician, nurse or other medical practitioner, from whom you received such examination or treatment, and state the date(s) upon which such medical treatment(s)

was received and state whether the physician and/or health care provider rendered an opinion respecting the nature and extent of the injuries, conditions and/or disabilities claimed by you. See Instructions and Definitions # 15.

**OBJECTION**: Plaintiff objects to this interrogatory on the grounds that it is overbroad, vague and is not reasonably calculated to lead to the discovery of relevant evidence.

**ANSWER**: Notwithstanding the foregoing objection and without waiving same, Plaintiff has had routine visits with Dr. Howlett for high blood pressure.

29. State whether you are claiming as an item of damage in this lawsuit loss of future earning capacity. If so, describe in what manner your future earning capacity has been adversely affected by the incident(s) which are the subject of your Complaint.

**ANSWER**: Plaintiff's termination from his employment under the circumstances alleged in the First Amended Complaint adversely affected his reputation which has had an adverse impact on Plaintiff's future earnings capacity. Such adverse impact is not subject to ready calculation and Plaintiff leaves such calculation to the jury.

30. With respect to each and every one of the allegations in the complaint, state with specificity all "damages" and/or losses that you claim to have suffered. Please itemize with particularity any and all monetary damages, whether potential or actual, which you claim to have incurred as a result of any of the allegations in your complaint asserted against defendants, and set forth in complete detail the dollar value of each element of claimed damages. Identify any documents relied upon, referred to or related to in your response to this interrogatory.

**ANSWER**: As alleged in the First Amended Complaint, Plaintiff seeks damages for back-pay, front-pay, lost benefits, lost pension benefits, damages for physical upset, emotional distress and for injury to personal and professional reputation, as well as, *inter alia* attorneys' fees. Plaintiff will provide a calculation of damages related to back-pay, front-pay, lost benefits, and lost pension benefits. Damages for physical upset, emotional distress and for injury to personal and professional reputation, are not subject to ready calculation and Plaintiff leaves such calculation to the jury.

31. State whether you have ever filed a lawsuit, complaint, or grievance of action of any kind against an employer, fellow employee or co-worker other than the instant lawsuit. If your answer is affirmative, identify the agency with which you filed the lawsuit, grievance or complaint, the date upon which such lawsuit, grievance or complaint was filed, the identity of the person(s) complained of, and the disposition of the lawsuit, complaint, grievance or action.

ANSWER: Plaintiff filed a grievance against the State in connection with his termination. That grievance is unresolved.

32. Please describe in detail the emotional distress you have suffered as a result of the defendants' actions as alleged in your complaint including but not limited to all bases for your contention that defendants intentionally inflicted emotional distress upon you. Identify any documents relied upon, referred to or related to in your response to this interrogatory.

ANSWER: Plaintiff has suffered acute stress, anxiety and depression related to the loss of his employment with the state of Connecticut, as well as the impact of that termination on his reputation and his short and long term financial security.

## VERIFICATION

I, William Clemens III, being duly sworn, hereby depose and say that I have read the foregoing responses to the Interrogatories contained in Defendant's First Set of Interrogatories, that I am familiar with the contents thereof, and that these responses are true and accurate to the best of my information and knowledge.

_____
William Clemens III


subscribed and sworn before me this 10th day of October, 2003.

_____
Commissioner of Superior Court