# REQUESTS FOR PRODUCTION

The defendant(s) requests the plaintiff to produce, or make available for inspection and copying, the following:

1. Copies of all medical reports and records, and itemized statements of medical expenses, pertaining to examination and/or treatment of the plaintiff for injuries incurred as a result of the incident(s) alleged in the Complaint, including but not limited to, nurse's notes, charts, treatment summaries, physician's reports, bills or statements for prescription drugs or medicines, physician's services, hospital and/or operating room expenses, appliances, ambulance costs, recovery expenses and any other bills, costs or expenses referred to in answer to any of these interrogatories.

**OBJECTION:** Plaintiff objects on the grounds that this request calls for material that is subject to the doctor patient privilege.

**RESPONSE:** Notwithstanding the foregoing objection and without waiving same, Plaintiff produces the document annexed hereto as Exhibit A. In the event that Defendants demand additional documents, they will be provided only after a mutually agreeable confidentiality stipulation has been so ordered.

2. A copy of each non-privileged statement identified in response to Interrogatory No. 20 above.

**RESPONSE:** Plaintiff possesses no responsive documents.

3. A copy of each tape or electronic recording identified in Interrogatory No. 22 above.

**RESPONSE:** Plaintiff possesses no responsive documents.

4. If lost wages or loss of future earning capacity are claimed as items of damages in this lawsuit, provide copies of the plaintiffs federal and state income tax returns, including all forms and schedules, for the two (2) tax years immediately preceding the tax year in which the alleged injuries were incurred, the tax year in which the alleged injuries were incurred, and the next two tax years following that in which the alleged injuries were incurred.

**OBJECTION:** Plaintiff objects to this request on the ground that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further

objects on the ground that this request violates Plaintiff's privacy rights without the requisite showing of need.

**RESPONSE:** Notwithstanding the foregoing objection and without waiving same, Plaintiff produces his forms W-2 for the requested time frame hereto as Exhibit B.

5. Copies of all reports prepared by expert witnesses as identified in your answer to Interrogatory No. 21 above.

**RESPONSE:** See response to Interrogatory 21.

6. All documents that relate to any treatment, examination or consultation that you received in the past three (3) years for any psychiatric or psychological illness, disorder or condition.

**RESPONSE:** See response to Document Request Number 1.

7. All documents that relate to any alleged loss, damage, suffering, injury, distress or harm you sustained relating to or resulting from any of the events or circumstances alleged in your complaint.

**OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overbroad, vague and is not reasonably calculated to lead to the discovery of relevant evidence.

**RESPONSE:** Notwithstanding said objection and without waiving same, see documents annexed hereto as Exhibits A, B, C, and D.

8. All documents, including E-mails, letters, notes, diaries or other writings kept by plaintiff that relate or refer to allegations in the complaint.

**OBJECTION:** Plaintiff objects to this interrogatory on the grounds that it is overbroad, vague and is not reasonably calculated to lead to the discovery of relevant evidence.

**RESPONSE:** Notwithstanding said objection and without waiving same, see documents annexed hereto as Exhibits A, B, C, and D.

9. All documents in support of plaintiff's response to Interrogatory No. 7(b) above.

**RESPONSE**: Plaintiff possesses no additional responsive documents.

10. All documents in support of plaintiff's response to Interrogatory No. 8(b) above.

**RESPONSE**: Plaintiff possesses no additional responsive documents.

11. All documents in support of plaintiff's response to Interrogatory No. 18 above.

**RESPONSE**: Plaintiff possesses no additional responsive documents.

12. All documents identified in answering or used or relied upon by the plaintiff in preparing answers to any of the defendants' interrogatories.

**RESPONSE**: Plaintiff possesses no additional responsive documents.

13. Produce complete authorizations (attached hereto) executed by you, permitting the Office of the Attorney General, as attorney for the Defendants, to obtain your complete medical records from any physician or medical provider from whom you have received treatment in relation to the Complaint. Please provide a separate authorization for each medical provider, with the medical provider's name and address on the authorization.

**OBJECTION:** Plaintiff objects on the grounds that this request calls for material that is subject to the doctor patient privilege.

**RESPONSE**: Notwithstanding the foregoing objection and without waiving same, Plaintiff produces the document annexed hereto as Exhibit A. In the event that Defendants demand additional documents, they will be provided only after a mutually agreeable confidentiality stipulation has been so ordered.

14. Produce all documents that relate to your, successful or unsuccessful, attempts to obtain employment or any source of income or engage in any occupation or business subsequent to the allegations that give rise to the complaint, including, but not limited to, communications with prospective employers, business associates or employment agencies as well as resumes, draft resumes, reference letters, requests for reference letters and applications for employment or business association.

**RESPONSE**: See documents annexed hereto as Exhibit E.

15. Produce completed authorizations (attached hereto) executed by you, permitting the Office of the Attorney General, as attorneys for the defendants, to obtain your complete personnel file from any employer for which you have worked from March 30, 2001 to the present. Please produce a separate authorization for each employer with the employer's name, address and telephone number on the authorization.

**RESPONSE**: See documents annexed hereto as Exhibit F

16. Please provide any and all documents identified in response to the interrogatories propounded by the defendants which requests are not specifically enumerated above.

**RESPONSE**: Plaintiff possesses no additional responsive documents.

THE PLAINTIFF, WILLIAM F. CLEMENS, III,

By_____
Craig T. Dickinson, Esq.
Fed. Bar No: CT18053
MADSEN, PRESTLEY & PRESTLEY, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106
(860) 246-2466

## **CERTIFICATION OF SERVICE**

This is to certify that on this date the foregoing was sent, by first class mail, postage prepaid, to the following counsel of record:

Eleanor M. Mullen, Assistant Attorney General
Office of the Attorney General
55 Elm Street - P.O. Box 120
Hartford, CT 06106


_____
Craig T. Dickinson

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO            4426
DEPT. ID            5340
CONNECTION TEL      92461794
SUB-ADDRESS
CONNECTION ID
ST. TIME            11/11 11:10
USAGE T             00'39
PGS.                2
RESULT              OK
```

**RICHARD BLUMENTHAL**
**ATTORNEY GENERAL**



55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

(860) 808-5340

Office of the Attorney General
## State of Connecticut

### TELEFAX COMMUNICATION

**Date:** 11/11/03

**To:** Craig T. Dickinson, Esq.

**Telefax #:** 246-1794

**Number of Pages:** 2
(including this)

**From:** Eleanor M. Mullen
Assistant Attorney General

**Telephone #:** (860) 808-5340

**Telefax #:** (860) 808-5383

**Information Faxed By:** Sally Montague

**COMMENT:** _____    ATTACHMENT C



RICHARD BLUMENTHAL
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

Tel: (860) 808-5340
Fax: (860) 808-5385

November 11, 2003

**VIA FACSIMILE**
**860-246-1794**

Craig T. Dickinson, Esq.
Madsen, Prestley & Parenteau, LLC
44 Capitol Ave.
Hartford, CT 06106

RE: **WILLIAM T. CLEMEMS V. STATE OF CONNECTICUT, DEPARTMENT OF TRANSPORTATION ET AL., Civil Action No. 3:03CV179 (JBA)**

Dear Attorney Dickinson:

As you know, during the status conference held by Judge Arterton on October 28, 2003, Judge Arterton directed you to respond to the defendant's Interrogatory Request ##15, 17, and 19 with specificity as to each and every defendant. To date, I have not received your revised responses and would appreciate them before November 19, 2003, in order to address the responses at the deposition of the plaintiff but more importantly to avoid the filing of a motion to compel.

I would also appreciate your comments regarding the Joint Motion For Protective Order that I faxed to you on November 6, 2003.

Very truly yours,

Eleanor May Mullen
Assistant Attorney General

EMM

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
WILLIAM F. CLEMENS, III,

                    Plaintiff,

       -against-                        CIVIL ACTION NO. 03-CV-179 (JBA)

STATE OF CONNECTICUT,
Department of Transportation,
FREDERICK J. SANDERS,              November 14, 2003
(in his individual and official capacities),
STEPHEN E. COCHRAN,
(in his individual and official capacities),
and CHARLES DRDA,
(in his individual and official capacities),

                    Defendants.
-----------------------------------------------------------X

## PLAINTIFF'S FIRST AMENDED RESPONSES TO DEFENDANT'S INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 33, Plaintiff, William F. Clemens, III, amends his response to Defendant's Interrogatories as follows:

15. Paragraph 43 of the First Amended Complaint, Third Count, states that, "The aforesaid actions of the defendants were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's rights." Please state with specificity the facts upon which you base your allegation that the defendants actions were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's equal protection rights as to each and every defendant.

**ANSWER:** Plaintiff's right to equal protection is well settled. Nevertheless, the Defendants engaged in the manifestly deliberate course of action that is set forth in the First Amended Complaint. The specifics are set forth *infra*.

Plaintiff began his employment with the State of Connecticut on December 28, 1984. Plaintiff's position was in the classified civil service and/or covered by collective bargaining

-1-

ATTACHMENT D

agreements. As a result, Plaintiff had a property interest in his employment position with the Defendant DOT.

At all times during his employment with the State of Connecticut, Plaintiff performed his duties in at least a satisfactory manner. Plaintiff was hired as a Maintainer II and was assigned to work in Defendant DOT's East Granby facility. Plaintiff was promoted to Maintenance Crew Leader in March 1993. In or around 1997, Plaintiff was the acting General Supervisor until the time that Brian Cull began to work in the East Granby facility as the full-time General Supervisor. Thereafter, Plaintiff returned to his former position of Maintenance Crew Leader.

In or around mid-November 2000, Defendant DOT discovered that Mr. Cull had taken State property (ie. pipe and other building materials) from Defendant DOT's East Granby facility. Mr. Cull was accused of converting said State property to his own personal use without proper authorization.

Following this discovery, the Defendant DOT held a series of "fact finding" meetings in its main facility located in Newington, Connecticut. Those meetings were held between December 2000 and February 2001. On certain occasions during that so-called fact-finding process, Plaintiff was directed by the then Acting General Supervisor to go to Defendant DOT's Newington headquarters in order to be questioned.

During the course of these fact finding meetings, which Plaintiff reasonably understood to involve an investigation of Mr. Cull and/or the East Granby facility, the Plaintiff was asked questions and provided responses regarding his observations and understanding of the operations at Defendant DOT's East Granby facility. Plaintiff provided responses to the Defendant DOT's questions consistent with his obligations set forth in the Defendant DOT's Employee Handbook, which states that employees called as witnesses may not refuse to answer questions during fact-

finding meetings.

During those fact-finding meetings, the Plaintiff was also questioned about various items that had nothing to do with Mr. Cull. Specifically:

- Plaintiff was questioned about his role in a tree-cutting job performed by Defendant DOT employees at 70 East Granby Road;
- Plaintiff was questioned regarding his awarding of "Q" time to various crew members for certain jobs on which they had worked;
- Plaintiff was questioned regarding the East Granby facility's procedure regarding "charging off" excess materials.

At no time during this process was Plaintiff ever provided notice of any charges contemplated with respect to his conduct, that Defendant DOT was considering any disciplinary action against him, or that he would have an opportunity to respond to any such charges. Indeed, at no time during any of the fact finding hearings was the Plaintiff informed either verbally or in writing that he was under investigation or facing disciplinary charges. Further, Plaintiff was never warned that his responses to questions could be used as grounds to discipline him.

To the contrary, Defendant Drda stated to Plaintiff on two separate occasions that he should tell the complete truth at the fact-finding meetings and that he "should not lose any sleep over [the fact-finding meetings]."

On March 16, 2001, following the last fact-finding session attended by the Plaintiff, Defendant Drda met with Plaintiff at the East Granby facility. During that meeting, Defendant Drda read the Plaintiff a two-page letter signed by Defendant Sanders terminating Plaintiff's employment, effective March 30, 2001. That letter falsely accused Plaintiff of a litany of inappropriate and/or criminal conduct, including but not limited to misappropriation of state

-3-

property and submission of fraudulent records. That letter was published to other State of Connecticut employees and placed in Plaintiff's permanent employee file.

Plaintiff was then told to immediately clean out his locker and leave the East Granby facility. Plaintiff was further told not to return to any DOT facility, and that if he did so the police would be called.

On March 20, 2001, Plaintiff received a certified letter at home that indicated that Defendant DOT was seeking reimbursement for expenditures "inappropriate[ly] authorized" by Plaintiff. The reimbursement sought from Plaintiff was in the amount of $11,668.28.

On May 18, 2001, Defendant DOT sent Plaintiff a letter advising him that it had unilaterally withheld Plaintiff's accumulated vacation pay in the net amount of $976.81. By letter dated June 4, 2001, Defendant DOT revised that amount to $939.42. Plaintiff did not authorize the Defendant DOT to withhold those funds.

On August 29, 2001, Plaintiff received another letter from the Defendant DOT regarding reimbursement for "inappropriate[ly] authorized" expenditures. That letter advised that the reimbursement amount was revised to $5,834.14, reflecting Defendant DOT's position that Plaintiff and Mr. Cull were equally responsible for these costs. That letter was published to other State of Connecticut employees and placed in Plaintiff's permanent employee file.

The August 29, 2001 letter further advised that the Defendant DOT had unilaterally withheld for the purported "inappropriate[ly] authorized" expenditures an additional $4,894.71 from Plaintiff's retroactive pay increase in the amount of $9,007.95. Plaintiff did not authorize the Defendant DOT to withhold those funds.

On or about October 15, 2001, Plaintiff received another certified letter from Defendant Sanders. In that letter, Defendant Sanders falsely accused the Plaintiff of attempting to intimidate

-4-

and/or influence DOT employees' testimony. That letter again advised Plaintiff that he was prohibited from entering any of the Defendant DOT's work sites and that if Plaintiff did enter a work site, that the police would be called and the Defendant DOT would pursue criminal charges against him. That letter was published to other State of Connecticut employees and placed in Plaintiff's permanent employee file.

It is Plaintiff's understanding that the aforementioned conduct was engaged in with the knowledge and/or consent of Defendant Cochran.

17. Paragraph 48 of the First Amended Complaint, Fourth Count, states that, "The aforesaid actions of the defendants were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's rights." Please state with specificity the facts upon which you base your allegation that the defendants actions were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's first amendment rights as to each and every defendant.

**ANSWER:** Plaintiff's First Amendment right to be free from retaliation is well settled. Nevertheless, the Defendants engaged in the manifestly deliberate course of action that is set forth in the First Amended Complaint. The specifics are set forth *supra* in the amended response to Interrogatory 15.

19. Paragraph 52 of the First Amended Complaint, Fifth Count, states that "The aforesaid actions of defendants Sanders, Cochran and Drda were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's rights. Please state the facts upon which you base your allegation that the defendants' actions were malicious, intentional, willful, wanton, and/or in reckless disregard of Plaintiff's liberty interests. Be specific with your response.

**ANSWER:** Plaintiff's Fourteenth Amendment liberty interest in his reputation is well settled. Nevertheless, the Defendants engaged in the manifestly deliberate course of action that is

-5-

set forth in the First Amended Complaint. The specifics are set forth *supra* in the amended response to Interrogatory 15.

THE PLAINTIFF, WILLIAM F. CLEMENS, III,

By: _____
Craig T. Dickinson, Esq.
Fed. Bar No: CT18053
MADSEN, PRESTLEY & PRESTLEY, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106
(860) 246-2466

## CERTIFICATION OF SERVICE

This is to certify that on this date the foregoing was sent, by first class mail, postage prepaid, to the following counsel of record:

Eleanor M. Mullen, Assistant Attorney General
Office of the Attorney General
55 Elm Street - P.O. Box 120
Hartford, CT 06106

_____
Craig T. Dickinson

-6-

## VERIFICATION

I, William Clemens III, being duly sworn, hereby depose and say that I have read the foregoing amended responses to the Interrogatories contained in Defendant's First Set of Interrogatories, that I am familiar with the contents thereof, and that these responses are true and accurate to the best of my information and knowledge.

_____
William Clemens III


subscribed and sworn before me this 18th day of November, 2003.

_____
Commissioner of Superior Court